# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MELISSA A. BREEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL-COMMERCIAL AUDIT, INC. d/b/a MCA MANAGEMENT COMPANY/MEDICAL COMMERCIAL AUDIT INC,<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Melissa A. Breeden, by and through the undersigned counsel and for her Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") against Defendant, Medical-Commercial Audit, Inc. d/b/a MCA Management Company/Medical-Commercial Audit Inc, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges Defendant's collection practices violate the FDCPA.

2. Such collection practices include, *inter alia*, sending consumers written communication in an attempt to collect debt, which make false representations regarding the possibility of future interest accruing on the alleged debt.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices

contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

5. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

6. "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

7. When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the

sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

## JURISDICTION AND VENUE

8. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

9. Venue is proper in this District because part of the acts and transactions occurred within this District, Plaintiff resides within this District, and Defendant transacts substantial business within this District.

## PARTIES

10. Plaintiff, Melissa A. Breeden (hereafter "Ms. Breeden") is a natural person currently residing in St. Louis County, State of Missouri. Ms. Breeden is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

11. Defendant, Medical-Commercial Audit, Inc. d/b/a MCA Management Company/Medical-Commercial Audit Inc, is a Missouri corporation (hereinafter "MCA" or "Defendant").

12. Defendant regularly conducts business in the State of Missouri using the mails, telephone, and/or internet to collect, or attempt to collect, defaulted consumer debts.

13. At all relevant times hereto, Defendant was acting as a debt collector pursuant to the FDCPA.

## FACTS

14. All of Defendant's conduct at issue occurred within one year of the date of this Complaint.

15. On or about September 10, 2018, a purported collection letter was sent to Melissa Breeden ("Collection Letter") from Medical-Commercial Audit, Inc. d/b/a MCA Management

Company/Medical-Commercial Audit Inc ("MCA"), purportedly on behalf of "Total Access Urgent Care", seeking to collect an alleged debt in the amount of $102.62 for a so-called account with account numbers XXX811 and XXX766 (the "Debt").

16. A true and accurate, redacted, copy of the Collection Letter is attached as **Exhibit 1** and incorporated herein by this reference.

17. The Debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. In communicating the purported amount owed on the alleged Debt, the top of Defendant's Collection Letter lists an "Amount" of "61.57", "INT" with no value indicated thereunder but with a blank space where a value could be indicated thereunder, "FEES" in the amount of "41.05", and a purported "Total" of "102.62" (collectively, the "Alleged Balances").

19. Defendant's Collection Letter contains a numerical value for each category, detailed above, within the Alleged Balances, except for the category labeled "INT", which is the only empty space among a row of other, numerically-marked categories in the Alleged Balances.

20. Upon information and belief, the category labeled "INT" in the Alleged Balances refers to interest, and the use of an abbreviation that may or may not be known to the least sophisticated consumer is confusing and misleading when referring to something as fundamental as the accrual of potential interest.

21. The unsophisticated consumer would be unable to determine whether or not Defendant's Collection Letter indicates that interest could be added to the alleged Debt in a future letter.

22. The unsophisticated consumer is likely to be misled or deceived by Defendant choosing to leave the "INT" category in the Alleged Balances blank.

23. In *Tylke v. Diversified Adjustment Service, Inc.*, the U.S. District Court for the Eastern District of Wisconsin issued a Decision and Order, denying a collection agency defendant's Motion to Dismiss. There, the agency sent a collection letter indicating a balance due with a "Collection Fee of $0.00". The court there denied the agency defendant's motion to dismiss because it reasoned that it was "possible that an 'unsophisticated consumer' would interpret the statement to mean that there is no 'collection fee' now, but that one could be assessed later on", and that "the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one". *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-758 (E.D.WI. Oct 28, 2014).

24. Here, Defendant's Collection letter similarly implies that there could be interest added to the alleged debt in the future.

25. Defendant's Collection Letter evokes the same confusion in the unsophisticated consumer as the letter at issue in *Tylke*, but is even more misleading and deceptive by virtue of Defendant choosing to include a column labeled "INT" with the sole empty value field among other numbers in the Alleged Balances.

26. Under similar factual circumstances as in *Tylke*, the Eastern Division of the U.S. District Court for the Northern District of Illinois denied a defendant collection agency's motion to dismiss in *Clarence Wood v. Allied Interstate, LLC*. The court in *Wood* noted that "by stating that fees and collection costs stood at '$0.00', instead of stating something like 'N/A' or declining to mention fees or collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if [plaintiff] did not pay the debt". The court there further noted that

the letter at issue "suggested that $0.00 was only the current amount owed under each category and that the amount owed might increase over time". *Clarence Wood v. Allied Interstate, LLC*, No. 17-C-4921 (N.D.IL. Jul 3, 2018).

27. Much like the letter in *Wood*, Defendant's Collection Letter falsely suggests that interest could be added to the purported amount owed by Ms. Breeden if she does not quickly pay the alleged debt.

28. Defendant's choice to include in the Collection Letter a column labeled "INT" with the sole empty value field among other numbers in the Alleged Balances could lead the unsophisticated consumer to believe that interest will begin to accrue, thereby coercing the unsophisticated consumer to pay the debt in full, and quickly.

29. Ms. Breeden believed that interest would begin to accrue if she did not pay the debt.

30. Defendant's Collection Letter indicates an "ACCT #" of XXX766, as well as a "Account No." of XXX811. Upon information and belief, both of the aforementioned abbreviations refer to the purported account number of the Debt.

31. Defendant's Collection Letter provides, "[a]s shown above, this is your balance, and account number" following the "Acct #" of XXX766, while the bottom of the Collection Letter indicates an "Account No." of XXX811.

32. Such discrepancy in the indicated account numbers confused Ms. Breeden, and led her to question the accuracy and legitimacy of the Debt.

33. Defendant's Collection Letter fails to indicate any date of service.

34. Defendant's Collection Letter fails to indicate any charge-off date.

35. §1692e of the FDCPA provides,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2) The false representation of—
    (A) the character, amount, or legal status of any debt; or
    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

36. Defendant's Collection Letter was implicitly confusing in its character and applicability to an unsophisticated consumer like Ms. Breeden.

37. In fact, Ms. Breeden found the Collection Letter confusing and misleading, and the coercive nature of Defendant's Collection Letter forced her to engage legal counsel.

38. Ms. Breeden had to spend time investigating Defendant's Collection Letter.

39. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

40. §1692f of the FDCPA provides,

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. Upon information and belief, the Defendant does not have express authorization in an agreement allowing it to collect any fees or interest upon the alleged Debt.

### COUNT I: Violation Of § 1692e of the FDCPA- False or Misleading Representations

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Section 1692e of the FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant's Collection Letter contains a numerical value for each value field within the Alleged Balances, except for the category labeled "INT", which is the only empty space among a row of other, numerically-marked categories in the Alleged Balances.

45. The unsophisticated consumer would be unable to determine whether or not Defendant's Collection Letter indicates that interest could be added to the alleged Debt in a future letter.

46. The unsophisticated consumer is likely to be misled or deceived by Defendant choosing to leave the "INT" category in the Alleged Balances blank.

47. The above-described state of the INT field in Defendant's Collection Letter reasonably communicates two potential, inherently-contradictory meanings: either no interest will accrue on the alleged Debt, or interest can begin to accrue in the future.

48. "A communication is deceptive for purposes of the Act if: 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294 (3d Cir. 2008) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

49. Defendant's Alleged Balances tabulation was deceiving and misleading to Ms. Breeden, making her mistakenly believe that there could be interest added to the alleged Debt in the future, thereby violating 15 U.S.C. § 1692e.

50. By falsely representing that there could be interest added to the alleged debt in the future, Defendant's Collection Letter falsely misrepresents the character, amount, and legal status of the alleged Debt, thereby violating 15 U.S.C. § 1692e(2)(A).

51. Upon information and belief, Defendant's attempted collection of fees in addition to the alleged Debt is not expressly authorized by an agreement creating such alleged Debt, thereby violating 15 U.S.C. § 1692e(2)(B).

52. The discrepancy between the two different, purportedly accurate, account numbers in Defendant's Collection Letter was misleading to Ms. Breeden, as both account numbers are represented as being the equally-current and valid account numbers of the Debt.

53. Such discrepancy caused Ms. Breeden to question the accuracy and legitimacy of the Debt and Defendant's Collection Letter, thereby violating 15 U.S.C. § 1692e.

54. Defendant's violations of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT II: Violation Of §1692f Of The FDCPA – Unfair Practices

55. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

56. Section 1692f of the FDCPA prohibits any use of unfair or unconscionable means to collect or attempt to collect any debt.

57. §1692f(1) expressly proscribes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

58. Upon information and belief, Defendant's attempted collection of fees in addition to the alleged Debt is not expressly authorized by an agreement creating such alleged Debt, thereby violating 15 U.S.C. § 169f(1).

59.     Defendant's Collection Letter, by virtue of the empty value field for the "INT" category in the Alleged Balances, falsely suggests that interest could be added to the purported amount owed by Ms. Breeden if she does not quickly pay the alleged Debt.

60.     Ms. Breeden believed that interest would begin to accrue if she did not pay the debt.

61.     Defendant's conduct in structuring its Collection Letter thusly has a coercive effect designed to pressure unsophisticated consumers into sending money quickly, thereby overshadowing her dispute rights. Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

62.     Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Melissa Breeden, prays that this Court:

1.     Declare that Defendant's debt collection actions violate the FDCPA and enter an Order in favor of the Plaintiff for:

   1.     An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   2.     Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   3.     For other such further relief as deemed just and proper by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

Dated: November 15, 2018

                                            Respectfully Submitted,

                                            **CONSUMER LAW PROTECTION**

                                            /s/ Boris E. Graypel
                                            By: Boris E. Graypel, #68529MO
                                            111 Westport Plaza Dr., Suite 600
                                            St. Louis, MO 63146
                                            Phone: (314) 300-9590
                                            Fax: (314) 754-9305
                                            E-mail: bgraypel@consumerlawprotection.com

                                            *Attorney for Plaintiff*

# EXHIBIT 1



**MCA Management Company**
**Medical-Commercial Audit Inc**
**PO Box 480**
**High Ridge, MO 63049**
**Tel: (636) 677-3000**

September 10, 2018

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| ▓766 | Total Access Urgent Care | 61.57 | | 41.05 | 102.62 |

Melissa A Breeden
277 Old Sulphur Spring Rd
Ballwin MO 63021-5354

Dear Melissa A Breeden,

As shown above, this is your balance, and account number. Please take the necessary steps to satisfy this debt in full.

PLEASE SEND PAYMENT TO:
MCA Management Company • PO Box 480 • High Ridge, MO 63049

Sincerely,

Renee Thompson 636-208-9667
RThompson@mcacollectionagency.com

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

YOU CAN PAY YOUR BILL ON LINE WWW.MCACOLLECTIONPAYMENTS.COM

694-DNMCAM10-O3-08/10/15

*** Detach Lower Portion And Return With Payment ***





IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | | AMOUNT PAID |
| Check Routing # | Account # | Ck # |

Y215B3DCA2

PO Box 480
High Ridge MO 63049-0480
RETURN SERVICE REQUESTED

Account No.: ▓811

Melissa A Breeden
277 Old Sulphur Spring Rd
Ballwin MO 63021-5354

MCA Management Company
PO Box 480
High Ridge MO 63049-0480