UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA A. BREEDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                         ) | No. 4:18CV1936 RLW |
| ) | |
| MEDICAL COMMERCIAL AUDIT, INC. ) | |
| d/b/a MCA MANAGEMENT COMPANY/ ) | |
| MEDICAL COMMERCIAL AUDIT INC.,   ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees, Costs, and Disbursements (ECF No. 25) and Motion for Bill of Costs (ECF No. 26). Defendant opposes the motions and objects to Plaintiff's calculation of costs and fees (ECF No. 31). Plaintiff filed a reply in further support of her motions (ECF No. 34). The motions are fully briefed and ready for disposition. For the reasons set forth below, Plaintiffs motion for attorney's fees will be granted in part and denied in part, and the motion for bill of costs will be granted.

**I.    BACKGROUND**

On November 15, 2018, Plaintiff filed a Complaint against Defendant Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit, Inc., asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). On August 16, 2019, Plaintiff accepted Defendant's Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. (ECF No. 21) On August 20, 2019, the Court entered a Judgment pursuant to the terms of the Offer of Judgment, including costs and attorneys' fees in an amount to be set by the Court. (ECF No. 22) On October 1, 2019, Plaintiff filed the instant motions seeking attorneys' fees totaling $11,080.00, the filing fee of $400, co-counsel's *pro hac*

*vice* admission fee of $100, and $1.15 in costs for postage. (ECF Nos. 25, 26) Plaintiff maintains that the fees are reasonable because her attorneys, who are both local and out-of-state, spent 35.1 hours working on the case.

## II.  LEGAL STANDARD

The FDCPA requires payment of costs and reasonable attorneys' fees to a successful consumer. 15 U.S.C. § 1692k(a)(3). The Court is responsible for determining what constitutes "reasonable." *Morgan v. Vogler Law Firm*, P.C., No. 4:15-CV-1654 SNLJ, 2018 WL 6304869, at *1 (E.D. Mo. Dec. 3, 2018). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The product of this calculation is "presumed to be the reasonable fee to which counsel is entitled" when the attorney has met his burden of showing the claimed rate and number of hours are reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (internal quotations and citation omitted). The "novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation" are reflected in this amount. *Id.* (internal quotations and citation omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Further, in determining the overall reasonableness of an award of attorneys' fees, the Court may adjust this "lodestar" when considering twelve factors. *Breeden v. Consumer Adjustment Co.*, No. 4:18-CV-01944 JAR, 2019 WL 1518185, at *1 (E.D. Mo. Apr. 8, 2019) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. The Court must reduce all "excessive, redundant, or otherwise unnecessary" hours. *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 434).

### III.   DISCUSSION

Plaintiff asserts the requested attorneys' fees are reasonable based on the time counsel required to analyze and research the collection letter and Defendant's behavior, draft pleadings, and meet with Plaintiff. Further, Plaintiff contends the case presented difficult issues requiring an attorney with legal skills and experience handling FDCPA cases. Plaintiff maintains the hourly rates of $100 for administrative matters, $300 for attorney Boris Graypel ("Graypel"), and $400 for attorney David Barshay ("Barshay") as well as the total amount requested, are within the range of similar work and amounts recognized by other local courts.

Defendant, however, argues Plaintiff's request for attorney's fees is unreasonably high because attorney Graypel seeks a $300 hourly rate for administrative work he performed; the amount of time Graypel spent exceeds the time necessary for an attorney with his level of experience; and the work performed by out of town counsel Barshay is duplicative and unnecessary and should thus be excluded. In her reply, Plaintiff reasserts her arguments that counsel's fees are reasonable, all time expended by co-counsel was necessary, and Plaintiff should be awarded additional attorney's fees for the 3.5 hours spent by counsel preparing the reply brief. Plaintiff agrees to reduce 1.1 hours of administrative tasks performed by Graypel

3

from $300 to $100 per hour, resulting in a decrease of $220 in fees. In total, Plaintiff now requests $12,130.00 in attorneys' fees and $501.15 in costs for a total of $12,631.15.[1]

The specific breakdown in fees is as follows:

| Attorney | Hours Requested | Hourly Rate | Total |
|---|---|---|---|
| Boris Graypel (local counsel) | 25.0 | $300 | $ 7,500 |
| Boris Graypel (paralegal work) | 2.3 | $100 | $   230 |
| David Barshay (out-of-state counsel) | 10.9 | $400 | $ 4,360 |
| David Barshay (paralegal work) | .4 | $100 | $    40 |
|  |  |  |  |
| Total | 38.6 |  | $12,130 |

After reviewing the records submitted, the Court concludes that the amount of time expended on certain tasks by the attorneys was excessive.[2] For example, Graypel spent a total of 5.5 hours drafting the complaint in this case. According to Graypel's affidavit, he has extensive experience with FDCPA cases. Thus, the Court finds the time spent on this task was more than necessary and accordingly the Court will reduce the request by 3.3 hours. Additionally, on some occasions, Graypel spent excessive time receiving and reviewing short documents or correspondence. Thus, the Court will reduce those entries by 3.8 hours. Further, given Graypel's experience and the fact this case does not appear to be novel or difficult, the Court finds Graypel's request for 4.4 hours in general legal research on collections is excessive, and the Court will reduce the request by 2.2 hours.

In addition, the Court notes that Graypel's time records indicate 2.3 hours spent preparing a notice of process server, appearance of counsel, summons, and civil cover sheet forms; filing

---

[1] The Court notes Plaintiff's math appears to be short One Dollar, which the Court has corrected accordingly.

[2] Defendant does not object to the $300 hourly rate sought by Graypel but asserts the rate of $400 an hour by Barshay is excessive.

4

court documents; and docketing case deadlines. These are secretarial or clerical tasks, which are not compensable. See *Murray v. Collections Acquisitions, LLC*, No. 8:11CV301, 2012 WL 2577211, at *2 (D. Neb. July 3, 2012) (holding "time spent filing through EM/ECF, preparing and reviewing documents, and calendaring dates" is clerical work that is not compensable under the FDCPA). Accordingly, the Court will reduce Graypel's entries for these clerical tasks by 2.3 hours at the paralegal rate Graypel billed on some entries and agreed to reduce on others.

The Court further finds certain billing entries to be duplicative. While there is no per se rule prohibiting a litigant from having more than one attorney work on his case, "overlawyering" may be subject to a reduction in fees by the trial court. *Kline v. City of Kansas City, Mo., Fire Dep't*, 245 F.3d 707, 709 (8th Cir. 2001); *see also A.J. by L.B. v. Kierst,* 56 F.3d 849, 864 (8th Cir. 1995) (allowing a court to reduce attorney hours and fees "for inefficiency or duplication of services in cases where more than one attorney is used"). Here, it appears that local counsel Graypel and out-of-state counsel Barshay billed time for reviewing the same documents and working on the same pleadings. Their efforts are duplicative, and thus the Court will reduce Barshay's entries by 2.7 hours for duplication of efforts. Likewise, the Court finds tasks such as calendaring events and marking pleadings are clerical and not subject to reimbursement. Thus, the Court will eliminate .4 hours at the paralegal rate and an additional .3 hours from Barshay's attorney rate for clerical tasks. Additionally, the Court agrees other courts in this district have approved the rate of $400 per hour as reasonable in this market given Barshay's experience, and the Court will grant Barshay the requested hourly rate of $400.

Finally, the Court finds Plaintiff is only entitled to a reduced fee for filing a reply in this matter. The Court notes the reply mentions another attorney not involved in this case but related to a similar case. Requesting attorneys' fees for 3.5 hours where the reply was cut and pasted

5

and resulted from duplicative efforts is unreasonable. Thus, the Court will not award attorneys' fees for the reply brief.

With respect to the Bill of Costs, Rule 54(d) of the Federal Rules of Civil Procedure provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005) ("A prevailing party is presumptively entitled to recover all of its costs."). A district court has broad discretion over awarding costs to a prevailing party. *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted). Before any bill of costs is taxed, the party claiming any item of cost or disbursement must attach an affidavit, having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924. Pursuant to 28 U.S.C. § 1920, costs which may be taxed include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920(1)-(6). The losing party bears the burden of overcoming the presumption the prevailing party is entitled to recover all costs permitted by § 1920. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

Upon review of the motion, the Court will award costs to Plaintiff for the filing fee, the *pro hac vice* admission fee, and the postage for a total award of $501.15. Defendant argues the *pro hac vice* fee for Barshay should be excluded because his admission and hours spent working

6

on this matter were wasteful and unnecessary. However, because the Court finds Barshay is entitled to some of his attorney's fees, the Court will allow the *pro hac vice* admission fee to be taxed as costs. *See Craftsmen Limousine, Inc. v. Ford Motor Co.,* 579 F.3d 894, 898 (8th Cir. 2009) (finding *pro hac vice* fees are recoverable as fees of the clerk under § 1920).

In conclusion, the Court will grant Plaintiff's motion for Bill of Costs in the amount of $501.15. Further, the Court finds Plaintiff is entitled to the following reduced attorneys' fees:

| Attorney | Hours Approved | Hourly Rate | Total |
| --- | --- | --- | --- |
| Boris Graypel (local counsel) | 14.4 | $300 | $ 4,320 |
| Boris Graypel (paralegal work) | 0 | $100 | $ 0 |
| David Barshay (out-of-state counsel) | 5.7 | $400 | $ 2,280 |
| David Barshay (paralegal work) | 0 | $100 | $ 0 |
| | | | |
| **Total** | **22.1** | | **$ 6,600** |

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees, Costs, and Disbursements (ECF No. 25) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bill of Costs (ECF No. 26) is **GRANTED.**

**IT IS FINALLY ORDERED** that attorneys' fees and costs shall be taxed against Defendant Medical Commercial Audit, Inc. d/b/a MCA Management Company/Medical Commercial Audit, Inc. and in favor of Plaintiff Melissa A. Breeden in the amount of $6,600.00 for reasonable attorneys' fees and $501.15 for costs.

Dated this 18th day of May, 2020.

_____<br>
**RONNIE L. WHITE**<br>
**UNITED STATES DISTRICT JUDGE**